IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:19-mj-00207 |
| v. | **OPINION AND ORDER** |
| BRYAN SCOTT GUNN, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Defendant Bryan Scott Gunn ("Gunn") filed a motion for release from custody (ECF No. 10). For the reasons stated herein, the Court grants Gunn's motion for release.

## BACKGROUND

Gunn was charged by complaint with committing wire fraud and money laundering offenses (ECF No. 1) ("*Gunn II*"), arrested at his residence in the Central District of California, and transported in custody to the District of Oregon. At his initial appearance in the District of Oregon on November 26, 2019, the United States moved to detain Gunn on the ground that he is a risk of danger to the community under 18 U.S.C. § 3142(f), and the Court detained Gunn pending a detention hearing on December 3, 2019.

PAGE 1 – OPINION AND ORDER

The next day, the Court also arraigned Gunn on allegations that he violated the conditions of his supervised release in *United States v. Gunn*, Case No. 3:14-cr-00495-MO ("*Gunn I*"). In *Gunn I*, Gunn was sentenced to a 20-month prison term and ordered to pay $939,308 in restitution, after pleading guilty to wire fraud and money laundering in connection with a heavy equipment leasing scheme. As in the new case, the supervised release violations allege that Gunn continues to engage in the same fraud scheme while on supervised release, and that nine new victims have suffered financial losses greater than $300,000.

At his detention hearing on December 3, 2019, the Court detained Gunn in the supervised release matter (*Gunn I*) pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a)(1), on the ground that Gunn did not meet his burden of proving by clear and convincing evidence that he is "not likely to . . . pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). Specifically, the Court found that Gunn presents an unacceptable risk of danger to the community because he is allegedly continuing to defraud multiple victims while on federal supervision.

Gunn filed the present motion for release from custody in *Gunn II*, noting that the Bail Reform Act, 18 U.S.C. § 3142(f)(1), does not authorize the Court to detain a defendant charged with wire fraud and money laundering offenses on the ground that the defendant is a danger to the community. The United States responded that it is also seeking a detention hearing under 18 U.S.C. § 3142(f)(2), because Gunn also presents a serious risk of flight and a serious risk of obstructing justice. At the conclusion of the hearing, the Court took Gunn's motion for release under advisement.

///

///

**DISCUSSION**

**I. THE BAIL REFORM ACT**

Every circuit court, and the overwhelming majority of district courts, that have examined the issue presented herein, have held that the Bail Reform Act does not authorize pretrial detention on the ground that the defendant presents a risk of danger to the community, unless the defendant is charged with one of the offenses listed in 18 U.S.C. § 3142(f)(1)(A)-(E) (including crimes of violence, offenses for which the maximum sentence is life imprisonment or death, drug trafficking offenses, felonies involving a minor victim, and offenses involving the possession or use of a firearm) (the "enumerated offenses"). Consistent with this well-settled precedent, the Court finds that it is not authorized to detain Gunn pending trial on the ground that he is a risk of danger to the community.

**A. Circuit Court Precedent**

In *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003), the district court detained the defendant, charged with being a felon in possession of a firearm, on the ground that he presented a risk of danger to the community under 18 U.S.C. § 3142(f), or because the charged offense qualified as a crime of violence. Although Congress has since amended the Bail Reform Act to include felon in possession as an enumerated offense, at the time it was not listed in 18 U.S.C. § 3142(f)(1)(A)-(E). As the charged offense was not an enumerated offense, the Ninth Circuit held: "We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness." *Twine*, 344 F.3d at 987 (noting that the government's interpretation of the Bail Reform Act "would render meaningless § 18 U.S.C. 3142(f)(1) and (2)"). The Ninth Circuit also held that felon in possession is not a crime of violence, and therefore remanded the case to the district court to release the defendant. *Twine*, 344 F.3d at 988; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding the

constitutionality of the Bail Reform Act in part on the ground that the Act authorizes pretrial detention only for the "carefully limited exception" of "arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel").

In *Twine*, the Ninth Circuit noted that its holding that the Bail Reform Act does not authorize pretrial detention based solely on a finding of dangerousness "is in accord with our sister circuits who have ruled on this issue." *Twine*, 344 F.3d at 987 (citing *United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992), *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988), and *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986)); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) (noting that "[d]etention until trial is relatively difficult to impose" and that "[f]irst, a judicial officer must find one of six circumstances triggering a detention hearing" and "[a]bsent one of these circumstances, detention is not an option"); *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) ("[T]he Bail Reform Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated above."); *United States v. Morgan*, No. 14cr10043, 2014 WL 3375028, at *4 (C.D. Ill. July 9, 2014) ("[A]lthough the Seventh Circuit has never specifically addressed the issues considered by the courts in *Himler*, *Friedman*, *Ploof*, *Byrd*, *Singleton*, and *Twine*, this Court finds the reasoning and conclusions in those cases persuasive, as other district courts in the Seventh Circuit have found as well.").

### B. District Court Precedent

District courts in the Ninth Circuit have consistently followed the Ninth Circuit's guidance in *Twine*. *See, e.g., United States v. Djoko*, No. CR19-0146-JCC, 2019 WL 4849537, at *2 (W.D. Wash. Oct. 1, 2019) (revoking a U.S. Magistrate Judge's order of detention for a defendant charged with cyberstalking, citing legislative history for its finding that "Congress

limited the categories of cases eligible for pretrial detention to those listed in 18 U.S.C. § 3142(f)" and that it did so "[t]o ensure that pretrial detention would continue to be an exception[,]" and noting that "unless the government can show by a preponderance of the evidence that a case falls into one of those [§ 3142(f)] categories, a defendant cannot be detained pending trial"); *United States v. Borges*, No. CR-18-01695-006-TUC-JAS (EJM), 2019 WL 699142, at *1 (D. Ariz. Feb. 20, 2019) ("A defendant will be detained prior to trial if the Government proves that the defendant is a serious flight risk by a preponderance of the evidence or that the defendant is a danger to the community by clear and convincing evidence, if the Government proved that the matter is eligible for a detention hearing under Section 3142(f) of Title 18 of the United States Code[.]"); *United States v. Qazi*, No. 2:15-cr-00014-APG-VCF, 2017 WL 2484102, at *11 (D. Nev. June 8, 2017) (noting that the defendant was "eligible for detention based on the offense charged" because "in 2006, Congress amended the Bail Reform Act to authorize detention of a defendant charged with any felony that involves possession or use of a firearm"); *United States v. Bell*, No. SACR 08-00087-MMM, 2008 WL 11411709, at *2 (C.D. Cal. June 6, 2008) (noting that the court was authorized to detain the defendant as a danger to the community because the defendant was charged with an enumerated offense); *United States v. Gentry*, 455 F. Supp. 2d 1018, 1019 n.2 (D. Ariz. Oct. 5, 2006) ("Since none of the crimes charged in the indictment meet the statutory definition of 'crime of violence' . . . the Government does not argue as a basis for detention that Defendant is a danger to the community.").

Secondary sources are in accord. *See, e.g.,* Fed. Proc. L. Ed. S22:1905 ("Evidence of a defendant's threat to the safety of other persons or to the community, standing alone, will not justify pretrial detention under the Bail Reform Act; it is also necessary to establish that the defendant's conduct involves one of the crimes enumerated in 18 U.S.C.A. § 3142(f).").

### C. Analysis

Gunn is charged by complaint with committing wire fraud and money laundering offenses. Wire fraud and money laundering are not included in the list of enumerated offenses under 18 U.S.C. § 3142(f)(1), and therefore the United States was not authorized to seek pretrial detention on the ground of danger alone.

At the hearing, the United States did not challenge the above authorities cited in Gunn's motion for release, but instead argued that the Court may nevertheless conduct a detention hearing because Gunn also presents a serious risk of flight and obstruction of justice under 18 U.S.C. § 3142(f)(2). The United States argued that Gunn presents a serious risk on both (f)(2) prongs because his new offenses are based on deception, his new offenses violated the conditions of his supervised release in *Gunn I*, and he was untruthful to his supervising officer regarding his employment and bank accounts. Gunn responded by noting, among other things, that although he was aware of the current investigation, he did not abscond from supervision, and he was arrested without incident at his residence. The Court notes that Gunn was released pending trial in *Gunn I*, and there is no record of any pre-trial violations. Furthermore, there is no evidence in the record that Gunn has ever failed to appear for court, failed to surrender for his sentence, failed to report to his supervising officer, absconded supervision, or resisted arrest, and there is no evidence in the record that Gunn has ever attempted to destroy evidence or threaten, injure, or intimidate a prospective witness. The government has not presented sufficient evidence to demonstrate that this case involves a serious risk that Gunn will flee, obstruct justice, or tamper with witnesses, and therefore the Bail Reform Act does not authorize a detention hearing, or detention, under 18 U.S.C. § 3142(f)(2).

The United States appeared to suggest at the hearing that if a detention hearing is authorized under 18 U.S.C. § 3142(f)(2) based on the government's *allegations* that the case

PAGE 6 – OPINION AND ORDER

involves a serious risk of flight or obstruction, the Court may then detain a defendant on (f)(1) danger grounds. The overwhelming weight of authority is contrary to the United States' position. *See Twine*, 344 F.3d at 987 ("We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail [for an unenumerated offense] based solely on a finding of dangerousness."); *Himler*, 797 F.2d at 160 ("Therefore it is reasonable to interpret the statute as authorizing detention only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute."); *Ploof*, 851 F.2d at 11 ("[W]here detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in § 3142(f)(1)"); *but see Djoko*, 2019 WL 4849537, at *5-6 (considering the defendant's dangerousness after finding that a detention hearing was appropriate on obstruction grounds, but nevertheless finding that the defendant should be released). Indeed, to allow a detention hearing under § 3142(f)(2) in fraud cases to backdoor a detention order on the ground of danger would render § 3142(f)(1) meaningless. Accordingly, the Court concludes that the Bail Reform Act does not authorize pretrial detention on the ground of danger for a defendant charged only with an unenumerated offense, even if the court holds a detention hearing based on the government's allegations that the defendant also presents a serious risk of flight or obstruction.[1]

      To be clear, although the Court has concluded that the United States has not met its burden of demonstrating that Gunn presents a serious risk of flight or obstruction of justice, the Court does find that Gunn presents a serious risk of danger to the community if released, based upon the fact that he allegedly continues to engage in a fraud scheme to the tune of more than

---

[1] Of course, if Gunn violates the conditions of his pretrial release, the Court is then authorized to detain him pending trial on the ground that he "pose[s] a danger to the safety of any other person or the community[.]" *See* 18 U.S.C. § 3148(b)(2).

$300,000 while on federal supervision. However, the law is well settled that the Bail Reform Act does not authorize pretrial detention under these circumstances.

## CONCLUSION

For the reasons stated above, the Court concludes that the Bail Reform Act does not authorize a detention hearing under 18 U.S.C. § 3142(f)(1) because this case involves offenses not enumerated in 18 U.S.C. § 3142(f)(1)(A)-(E), and the United States has not presented sufficient evidence to demonstrate that Gunn presents a serious risk of flight, obstruction, or witness tampering to justify a detention hearing, or detention, under 18 U.S.C § 3142(f)(2). Accordingly, the Court GRANTS Gunn's motion for release from custody (ECF No. 10), and orders that Gunn be released pending trial in the above-captioned case, subject to strict conditions of release. However, the Court notes that Gunn shall remain in custody pending resolution of his supervised release revocation proceedings in *Gunn I*, pursuant to the Court's order of detention entered in that case under Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3143(a).[2]

**IT IS SO ORDERED.**

DATED this 6th day of December, 2019.

_Stacie F. Beckerman_
_____
STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] The parties do not dispute that it is appropriate to detain a defendant pending further supervised release revocation proceedings on the ground that he presents a risk of financial danger to the community under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a).